IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN RE: SYNOVUS BANK/ ) <br> SEVEN FALLS LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Case Nos. <br> 1:11-cv-66, 1:11-cv-71, <br> 1:11-cv-186, 1:11-cv-188, <br> 1:11-cv-191, 1:11-cv-328 <br> 1:11-cv-330, 1:12-cv-210, <br> 1:12-cv-215 |

**PROTECTIVE ORDER**

Pending before the Court is the Join Motion for Protective Order [# 83]. Upon a review of the motion and the record in this case, and for good cause shown, the Court **GRANTS** the motion [# 83], and enters the following Protective Order.

Pursuant to Rule 26(c) of the Rules of Civil Procedure, the represented parties had stipulated and agreed to the following protective order which shall govern the use and treatment of information, documents and other tangible things produced in this litigation. The Court determined that the Order should apply as well to documents or information produced by or to any parties that are appearing pro se[1]:

1. "Confidential Information" means any information, in whatever form, that a party in good faith believes contains, reflects or concerns nonpublic or sensitive or proprietary

---

[1] This Order shall apply to all parties except for Okay Properties, LLC and William O'Donnell, Jr., as the parties have reached a settlement with Synovus Bank and are finalizing a stipulation of dismissal. See Order (Doc. 32), Synovus Bank v. Okay Properties, LLC, et al., 1:11-cv-330.

information which, if disclosed to third parties, would likely cause injury, prejudice or embarrassment. Confidential Information shall include, but not be limited to, financial information, income tax statements, internal business communications, business plans, marketing and sales information, appraisals, information relating to personnel matters, employee compensation, and other sensitive information that is not publicly available. Confidential Information may not be used or disseminated except as provided in this consent protective order ("Protective Order").

2. Documents may be designated as Confidential Information by affixing the label "CONFIDENTIAL" to each document (or to the first page of a multi-page document) or otherwise informing counsel for the receiving party that the information is confidential. Any party may require that another party to this Agreement or a third party subpoenaed to produce documents shall designate documents as "Confidential Information" prior to their production. Deposition testimony and/or exhibits may be designated as Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit is confidential; or (b) stating in writing served upon counsel of record up to ten (10) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential. The designation of a

document as CONFIDENTIAL shall not impact the treatment of other copies of the same document received by a party outside the scope of this litigation.

3. Materials designated as Confidential Information may only be copied, disclosed, discussed, or inspected, in whole or in part, for the purposes of this litigation and only by the following persons:

    (a) the parties in this lawsuit;

    (b) counsel who represent the parties in this litigation and the personnel who are directly employed by those firms and are assisting the attorneys working on this action;

    (c) any person who is to testify as a potential witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefore and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for trial;

    (d) expert witnesses retained and identified by the parties in this lawsuit;

    (e) the Court and its officers, including stenographic reporters engaged in such proceedings as are

necessarily incidental to the preparation or trial of this lawsuit; and,

(f) any mediator or arbitrator selected with the consent of all parties.

Confidential Information shall not be disclosed to any of the persons referred to in subparagraphs (c) and (d) until such persons have been provided with a copy of this protective Order and have agreed in writing to be bound thereto by execution of a written agreement to that effect. The written agreement shall be in the form of the Confidentiality Agreement attached hereto as Exhibit A.

4. Whenever a document or information designated as Confidential Information is to be referred to or disclosed in a deposition, meeting or other gathering, any party claiming confidentiality may exclude from the room any person who is not entitled under this Protective Order to receive the Confidential Information.

5. The parties recognize that documents filed with the Court require a higher showing to be sealed. Therefore, the parties agree that they must seek permission from the Court to file materials under seal. A party that seeks to file under seal any Confidential Information must comply with Local Rule 6.1.

6. Subject to the rules of evidence and orders of the Court, Confidential Information may be offered in evidence at trial or any court hearing.

7. In the event that a party inadvertently produces any Confidential Information that is privileged, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, the privileged material may be retrieved by the producing party by giving written notice to all parties who received copies of the produced materials of the claim of privilege within fifteen (15) days of the date on which the producing party becomes aware of the inadvertent production. Upon receipt of such notice, all parties or other persons that have received a copy of the produced material shall return any privileged material to the producing party and destroy any copies of privileged documents. The terms of this paragraph shall not be deemed a waiver of a party's right to contest the producing party's designation of Confidential Information as privileged, nor shall such inadvertent production of a document that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted.

8. The terms of this Protective Order are subject to modification, extension or limitation as may be agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by

the parties shall be deemed effective pending approval by the Court.

9. With respect to any Confidential Information, a party may at any time serve upon counsel for the producing party a written notice of objection to the materials designated as "CONFIDENTIAL." The parties shall use their best efforts to resolve the issue before presenting it to the Court.

10. Confidential Information shall be used solely and exclusively for the purpose of this litigation and for no other purpose, except as directed by the Court or allowed by law.

11. At the conclusion of this litigation (including any appeals), the disposition of protected materials shall be subject to a final order of the Court. In the absence of such a final order, all material designated as confidential pursuant to paragraph 2 above shall either be destroyed or returned to the designating party, within sixty (60) days after the conclusion of the litigation, except with respect to (a) material that becomes part of the Court record in this matter, (b) work product of counsel, and (c) transcripts, exhibits, and other documents required to be maintained by the parties' written record retention policy as necessary for an understanding of the outcome of the case, provided that all material designated confidential pursuant to paragraph 2 in such retained material is maintained in accordance with the provisions hereof.

The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

    **It is so ORDERD**
    **Signed: July 11, 2013**

*Dennis L. Howell*
United States Magistrate Judge

Respectfully submitted this 28th day of June, 2013.

| | |
|---|---|
| s/ELIZABETH C. FRANKS | s/JOHN E. ROGERS, II |
| W. CARLETON METCALF | John E. Rogers, II |
| NC Bar #24415 | NC Bar #35811 |
| HEATHER WHITAKER GOLDSTEIN | THE WARD LAW FIRM, P.A. |
| NC Bar #26194 | P.O. Box 5663 |
| ELIZABETH C. FRANKS | Spartanburg, SC 29304 |
| NC Bar #39681 | Telephone: 864-585-3873 |
| VAN WINKLE, BUCK, WALL, STARNES AND DAVIS, P.A. | Fax: 864-585-3090 |
| P.O. Box 7376 | jrogers@wardfirm.com |
| Asheville, NC 28802-7376 | |
| Telephone: 828-258-2991 | Attorneys for Borrowers |
| Fax: 828-257-2767 | |
| cmetcalf@vwlawfirm.com | s/T. RYAN LANGLEY |
| hgoldstein@vwlawfirm.com | T. RYAN LANGLEY |
| lfranks@vwlawfirm.com | (*Admitted Pro Hac Vice*) |
| | HODGE & LANGLEY LAW FIRM, P.C. |
| | 229 Magnolia Street |
| T. WILLIAM MCGEE, III | P.O. Box 2765 |
| (*Admitted Pro Hac Vice*) | Spartanburg, SC 29306 |
| NELSON MULLINS RILEY & SCARBOROUGH, LLP | Telephone: 864-585-3873 |
| 1320 Main Street, 17th Floor | Fax: 864-585-6485 |
| Meridian Building | RLangley@hodgelawfirm.com |
| Columbia, SC 29201 | |
| Telephone: 803-255-9490 | s/RICHARD B. FENNELL |
| Fax: 803-255-5930 | RICHARD B. FENNELL |
| billy.mcgee@nelsonmullins.com | NC Bar #17398 |
| | JAMES, MCELROY & DIEHL, P.A. |
| | 600 South College Street |
| s/STEVEN BRENT McFARLAND | Charlotte, NC 28202 |
| STEVEN BRENT McFARLAND | Telephone: 704-372-9870 |
| NC Bar #38350 | Fax: 704-333-5508 |
| NELSON MULLINS RILEY & SCARBOROUGH, LLP | rfennell@jmdlaw.com |
| 1320 Main Street, 17th Floor | |
| Meridian Building | Attorneys for Vinson Parties |
| Columbia, SC 29201 | |
| Telephone: 803-255-9490 | |
| Fax: 803-255-5930 | |
| steven.mcfarland@nelsonmullins.com | |

Attorneys for Synovus Bank

EXHIBIT A

STATE OF NORTH CAROLINA

COUNTY OF _____

**CONFIDENTIALITY AGREEMENT**

    I have read the Consent Protective Order ("Protective Order") concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain Confidential Information. I also understand that the Protective Order restricts the use, disclosure and retention of such Confidential Information and also requires the safeguarding and return of documents and other materials containing Confidential Information.

    I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the Court for the purpose of enforcement of any provision of the Protective Order.


Dated: _____     _____
                                     [Signature]
                                     [Name]
                                     [Address]


    Sworn to and subscribed before me this _____ day of _____, 2013.


(SEAL)                          _____
                                     Notary Public
                                     Print Name:_____

                                     My Commission Expires_____


Personally known to me [ ] or produced identification [ ]
Type of identification:_____